ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAR 18 PM 4:49
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THOMPSON BUILDING WRECKING COMPANY, INC., CSRA TESTING & ENGINEERING CO., P.C., QZO, INC. D/B/A ARTISTIC DESIGN & PROMOTIONS, and ASSOCIATION FOR FAIR GOVERNMENT, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 108-019 |
| AUGUSTA, GEORGIA, and GERALDINE A. SAMS, in her Official and Individual Capacity, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

The above-captioned case arises from a challenge by various Plaintiffs to the bidding process by which contracts are awarded by the City of Augusta, Georgia. Plaintiffs filed suit on February 13, 2008, and served Mayor Deke Copenhaver with a copy of the complaint on February 14, 2008. (Doc. no. 12, Ex. A, Copenhaver Aff., ¶ 4). Plaintiffs served Defendant Geraldine A. Sams with a copy of the complaint on February 18, 2008. (Id., Ex. B, Johnson Aff., ¶ 5). Plaintiffs filed returns of service on February 28, 2008. (Doc. nos. 5, 6). When Defendants failed to answer or otherwise defend the action within the time prescribed by Federal Rule of Civil Procedure 12(a), Plaintiffs filed a "Request to Enter Default" against Augusta, Georgia on March 6, 2008. (Doc. no. 7). On March 7, 2008, defense counsel filed

"Defendants' Augusta, Georgia and Geraldine A. Sams' Answer and Defenses to Plaintiffs' Complaint." (Doc. no. 8). The caption of this answer listed Defendants as "Augusta, Georgia and Geraldine A. Sams, in her Individual Capacity." (Id. at 1). On March 12, 2008, Plaintiffs filed a second "Request to Enter Default," this time against Defendant Sams in her official capacity. (Doc. no. 13). Defendants filed motions in opposition to both Requests to Enter Default. (Doc. nos. 12, 14).

According to Defendants, an answer to the complaint was not timely filed on behalf of Augusta, Georgia because of an inadvertent failure of Mayor Copenhaver to forward a copy of the complaint to the Law Department of Augusta-Richmond County (the "Law Department") and because of an actual or potential conflict of interest with regard to the law firm of Shepard, Plunkett & Hamilton, LLP, representing the City of Augusta, Georgia in this matter. (See doc. no. 12, Copenhaver Aff. and Johnson Aff.). The reason for the failure to timely file an answer on behalf of Defendant Sams is less clear, as General Counsel for the Law Department avers that she was aware that Ms. Sams had been served with the complaint on February 18, 2008. (Id., Johnson Aff., ¶ 5). In any event, Plaintiffs' counsel filed not one, but two, requests for the Clerk of Court to enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a), apparently without the professional courtesy of first informing Defendants.[1] The Clerk of Court has not yet entered default against either

---

[1] The Court presumes that no effort was made to resolve the matter without judicial intervention because the answer was filed one day after the first request for default, and the motion in opposition to the second request for default clearly explains why the answer filed on March 7, 2008 was the answer to all individual and official capacity claims brought against Defendant Sams. (See generally doc. no. 14); see also Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (*per curiam*) ("Because suits against a municipal officer sued in [her] official capacity and direct suits against municipalities are functionally equivalent,

Defendant and has accepted for filing the untimely answer of Defendants, an answer which sets forth facially meritorious defenses.

The Court notes at the outset that the Local Rules of this Court and the Federal Rules (i.e., Rule 37(a)), encourage attorneys to work out certain issues among themselves, particularly where no party will be prejudiced thereby. Thus, while the handling of the service of process by Defendants was not the model of efficiency, the conduct of Plaintiffs' counsel in apparently not trying to work out the matter without court action is not favored.

Further, Rule 55(c) allows for the entry of default to be set aside upon a showing of good cause. The Eleventh Circuit has explained that the "good cause" standard is a liberal one. Hinson v. Webster Indus., 240 F.R.D. 687, 690 (M.D. Ala. 2007) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996)). This standard is more lenient than the excusable neglect standard that courts apply in setting aside a default judgment. Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). Although good cause is not measured by a precise formula, some factors that courts may consider in deciding to set aside an entry of default is whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, and whether prompt action was taken to correct the default. Hinson, 240 F.R.D. at

---

there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly. . . ."); Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir. 1990) (bringing a lawsuit against a government employee in her official capacity "is in actuality [bringing suit] against the governmental entity that the individual[] respresent[s].").

3

690 (citing Compania, 88 F.3d at 951). Courts have also taken into consideration other factors, "including whether the public interest was implicated." Compania, 88 F.3d at 951.

Upon consideration of the instant case, the Court finds that the factors set forth by the Eleventh Circuit and described above militate in favor of this Court setting aside the default, had it been entered. Other than insinuations from Plaintiffs' counsel that are apparently based on his interpretation of a newspaper article (doc. no. 15, pp. 3-4 and Ex. A thereto), there is nothing to suggest culpable or willful conduct, let alone a pattern of disregard for Court rules, on the part of Defendants. Nor have Plaintiffs shown any prejudice by having the case proceed on the merits.[2] Moreover, as noted above, Defendants have presented facially meritorious defenses. The delay in correcting the default was not lengthy. Indeed, an answer was filed one day after the first request for default was filed. (Doc. no. 8). Lastly, a lawsuit of this magnitude and import should be decided on the merits, not a procedural machination.

On this last point, counsel are directed to take careful note of the requirements of the Federal Rules of Civil Procedure, as well as the Local Rules of this Court, concerning good faith efforts to attempt to resolve issues arising in this litigation before seeking judicial intervention. Aside from the issue of Plaintiffs' counsel seeking defaults apparently without a courtesy consultation with defense counsel, Defendants raised the specter of Rule 11 sanctions in a footnote of their response to the second request for default. (Doc. no. 14, p.

---

[2]Notably, prejudice is not established merely by showing that the litigation will go forward absent default. Thiemann v. Electrical Insulation Suppliers, Inc., 180 F.R.D. 200, 201 (D.P.R. 1998); East Coast Express, Inc. v. Ruby, Inc., 162 F.R.D. 37, 39-40 (E.D. Pa. 1995).

4

5 n.1). Under Rule 11, a motion for sanctions must be made separately from any other motion, and the opposing party has 21 days after service in which to withdraw or appropriately correct the challenged paper. Fed. R. Civ. P. 11(c)(2). Defendants do not make clear whether they are attempting to formally commence the process of seeking Rule 11 sanctions, but there can be no mistaking the lack of communication between counsel displayed by this public volleying of accusations of misconduct.

Rather than consult with opposing counsel on these default issues, the very same day that Defendants' response to the second request for default with the Rule 11 reference was filed, Plaintiffs filed an "Emergency Motion to Compel Deposition in Support of Entry of Default." (Doc. no. 15). In the Emergency Motion, Plaintiffs' counsel recounts the chronology of the case, cites a newspaper article about this case published in the "Augusta Chronicle" on that same day, and insinuates that based on the information in the newspaper article, Defendant(s) intentionally and/or recklessly disregarded the deadline for filing an answer. Based on this alone, Plaintiffs asked for permission to take the deposition of Todd Boudreaux, an attorney who formerly represented the City of Augusta, in an effort to "establish intentional and/or reckless disregard by Defendant." (Id. at 4). Then, Plaintiffs filed a "Supplemental Emergency Motion" to compel the deposition of Mayor Copenhaver, based on the same grounds raised in the motion to compel the deposition of Mr. Boudreaux.[3] (Doc. no. 16). These motions are in the nature of a discovery dispute, and under Loc. R. 26.5

---

[3]Mayor Copenhaver has already submitted an affidavit providing the date when he was served with a copy of the complaint and explaining his role in forwarding the complaint to Shepard, Plunkett & Hamilton, LLP, and inadvertently failing to forward the complaint to the Law Department. (Doc. no. 12, Ex. A).

5

and Fed. R. Civ. P. 37(a), prior to moving for relief, a party must certify that a good faith effort has been made to resolve the issue before seeking court intervention. There is no such certification attached to either Emergency Motion, and they are **DENIED**.[4] Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (affirming summary denial of motion for failure to comply with local rules).[5]

Upon the foregoing, the Clerk is directed not to make an entry of default in this case.[6] Because there has been no entry of default, Defendants' motions in opposition to default are **DENIED AS MOOT**. (Doc. nos. 12, 14). Defendants' Answer and Defenses (doc. no. 8) shall serve as the responsive pleading to all claims against both Defendants in the case.

SO ORDERED on this 18th day of March, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] In fact, there is no indication in either Emergency Motion that defense counsel was even approached about arranging any such depositions. In any event, even if Mr. Boudreaux and/or Mayor Copenhaver could provide information about allegedly intentional or reckless conduct concerning when the Law Department knew about this lawsuit in relation to the date an answer was filed, the date of notice alone is not determinative of the issue of default. As discussed above, based on the multiple factors that the Court should consider, entry of default is not appropriate under the circumstances of this case.

[5] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981).

[6] As the requests for default directed to the Clerk were docketed as motions, the Clerk is **DIRECTED** to **TERMINATE** those motions from the motions report. (Doc. nos. 7, 13).