FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 APR -2 PM 2:08
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THOMPSON BUILDING WRECKING COMPANY, INC., CSRA TESTING & ENGINEERING CO., P.C., QZO, INC. D/B/A ARTISTIC DESIGN & PROMOTIONS, and ASSOCIATION FOR FAIR GOVERNMENT, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 108-019 |
| AUGUSTA, GEORGIA, and GERALDINE A. SAMS, in her Official and Individual Capacity, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

The above-captioned case is before the Court on "Plaintiffs' Motion to Modify/Strike Specific Language in Order." (Doc. no. 21). Contrary to Plaintiffs' suggestion, their multiple requests for entry of default were not denied because of a lack of professional courtesy by Plaintiffs' counsel. Nothing in Fed. R. Civ. P. 55, this Court's Local Rules, or this Court's March 18, 2008 Order imposes such a requirement for seeking entry of default. Rather, as the March 18th Order clearly explains, under the language Fed. R. Civ. P. 55 and applicable case law, the entry of default was not warranted under the circumstances of this

case. (Doc. no. 17, pp. 3-4). Accordingly, the motion to modify and/or strike language from the Court's March 18, 2008 Order is **DENIED**.

Having clarified for Plaintiffs' counsel that nothing in the language of the Court's March 18th Order imposes a requirement for communicating with opposing counsel prior to moving for entry of default, the Court notes that the practice of extending professional courtesy to opposing counsel is nothing new or out of the ordinary in the Southern District of Georgia. The Judges of this Court have long extolled the virtues of professional courtesy, including in the context of requests for default. See, e.g., Coghill v. Porter, CV 105-156, doc. no. 21, pp. 2-3 (S.D. Ga. Nov. 3, 2005) (Bowen, J.) (noting that Plaintiff's counsel filed a request for default "without the courtesy of first informing Defendants" and that "this Court and the Federal Rules . . . encourages attorneys to work out certain issues among themselves, particularly where no party will be prejudiced thereby.").[1] Moreover, while Plaintiffs' counsel was certainly not required to consult with defense counsel about filing for default, given the nature of this lawsuit and the swiftness with which not one, but two, requests for entry of default were made, counsel might have reasonably anticipated that the case would not be decided on such a procedural maneuver. Indeed, the case law is well-settled in the Eleventh Circuit that courts prefer adjudication on the merits to disposition by default. See, e.g., Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 403 (5th Cir. 1981)[2] ("Thus, regardless of

---

[1] As this Court noted in its March 18, 2008 Order, "prejudice is not established merely by showing that the litigation will go forward absent default." (Doc. no. 17, p. 4 n.2 (citations omitted)).

[2] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

2

the technical characterization of the judgment below, it seems clear that the full merits of the cause were not examined. Truncated proceedings of this sort are not favored . . . ."); In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) ("[T]here is a strong policy of determining cases on their merits[,] and we therefore view defaults with disfavor.")

In closing, as the Court has now allayed the concerns of Plaintiffs' counsel by confirming that there is in fact no requirement for professional courtesy in the rules governing requests for default, it urges counsel for both sides to focus on the substance of the case and resist the temptation to run up legal fees on matters that have no bearing on the ultimate resolution of this case.

SO ORDERED on this 2nd day of April, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE